UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY S. PERRY, SR., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-273-JD-MGG |

OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Perry is a member of the Jehovah's Witness Christian Organization. Perry alleges that, on December 29, 2021, following his transfer to Indiana State Prison, he was placed in administrative segregation by Ron Neal and Debra Abrams. By placing him in segregation, Perry alleges that Ron Neal and Debra Abrams deprived him of religious guidance and the means of practicing his religion because he cannot attend religious services. He further alleges that ISP Property Officer D. Hawkins has prevented him

from practicing his religion by denying him access to his religious books and materials while he is in segregation. Perry seeks both injunctive relief and monetary damages.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). Although money damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Perry alleges that Ron Neal and Debra Abrams assigned him to administrative segregation, but he does not explain what role, if any, they played in denying him access to religious guidance and services. In fact, an exhibit accompanying the amended complaint and dated December 28, 2021, shows that the chaplains reviewed Perry's request to attend Jehovah's Witness services and determined that he would need to resubmit the request when he was in general population. ECF 7-1 at 18. There is no general respondeat superior liability under 42 U.S.C. § 1983, and defendants cannot be held individually liable simply because they employed or supervised the alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Because Perry has not pled facts from which it can be plausibly inferred that Ron Neal or Debra Abrams played any role in denying him access to religious guidance or services while in administrative segregation, he cannot proceed against them in their individual capacities.

Perry alleges that D. Hawkins is a property officer and that he denied Perry access to his religious books and materials. An exhibit dated February 10, 2021, suggests that D. Hawkins would not permit Perry to possess his religious books because they are hardback books and hardback books are prohibited in administrative segregation. EFC 7-1 at 19. A response to a grievance dated February 18, 2021, indicated that staff were still working to get Perry his religious materials. It is unclear if Perry was able to obtain his religious books after February 18, 2021. However, a rule prohibiting all inmates from possessing hardcover books in segregation does not violate the First Amendment.

3

*Employment Division Department of Human Resources of Oregon v. Smith,* 494 U.S. 872, 887, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). Therefore, Perry may not proceed against Hawkins.

While Perry has not stated a First Amendment claim, he will be permitted to proceed on a RLUIPA claim against Warden Ron Neal in his official capacity for injunctive relief only, because Perry has alleged a substantial burden on his right to freely exercise his religion by attending in-person religious services and having access to religious texts. See *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022) ("The warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

Perry has also filed an unsigned "Second Motion for Leave to Proceed in forma pauperis without prepaying the initial partial filing fee and directing further proceedings." ECF 11. In it, he asks the court to proceed with screening his case even though he is unable to pay the entire amount of the initial partial filing fee assessed by the court. Perry has already been granted *in forma pauperis* status (ECF 8), and the court has now screened his amended complaint. Accordingly, the motion will be denied as moot.

Finally, after Perry filed his amended complaint, he filed a 7-page declaration with 27 pages of exhibits. ECF 14. It is not clear what Perry attempted to accomplish with this filing. There are no motions or proceedings before the court requiring an evidentiary submission. To the extent he is attempting to amend or supplement his complaint, this is improper. N.D. Ind. L.R. 15-1 requires that any amendment to a

pleading "reproduce the entire pleading as amended" and prohibits "incorporat[ing] any prior pleading by reference." Thus, neither the declaration nor the attached exhibits were considered by the court in evaluating Perry's amended complaint.

For these reasons, the court:

(1) DENIES AS MOOT the Second Motion for Leave to Proceed in forma pauperis without prepaying the initial partial filing fee and directing further proceedings" (ECF 11);

(2) GRANTS Rodney S. Perry, Sr. leave to proceed against Warden Ron Neal in his official capacity for injunctive relief pertaining to his requests to attend in person religious services and gain access to his religious books and materials, unless their prohibition is justified, in accordance with RLUIPA;

(3) DISMISSES all other claims;

(4) DISMISSES Debra Abrams and D. Hawkins;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 7);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 16, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT