UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY S. PERRY, SR.,

    Plaintiff,

    v.     CAUSE NO. 3:22-CV-273-JD-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, filed a motion seeking leave to file a second amended complaint and a proposed second amended complaint. ECF 39; ECF 39-1. Perry is proceeding against Warden Ron Neal in his official capacity for injunctive relief pertaining to his requests to attend in person religious services and gain access to his religious books and materials, unless their prohibition is justified, in accordance with RLUIPA. He seeks to amend his complaint a second time because the court did not permit him to proceed against Debra Abrams and only permitted him to proceed against Ron Neal on a claim for injunctive relief. Perry wants to pursue First Amendment claims against them so he can seek monetary damages.

At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). This case is in its infancy, the amendment will not result in undue delay, and the defendants will not be unduly prejudiced by the amendment. Accordingly, the motion to amend will be granted, and the clerk will be instructed to file the second amended complaint.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The second amended complaint alleges essentially the same facts as the current complaint.[1] Perry is a member of the Jehovah's Witness Christian Organization. Perry alleges that, on December 29, 2021, following his transfer to Indiana State Prison, he was placed in administrative segregation by Ron Neal and Debra Abrams. His earlier complaint alleged that, by placing Perry in segregation, Neal and Abrams deprived Perry of religious guidance and the means of practicing his religion because he cannot attend religious services. He now alleges that Neal and Abrams placed him in

---

[1] Perry is no longer suing D. Hawkins regarding a lack of access to his religious books or materials.

2

segregation because they knew he would be prohibited from practicing his religion. ECF 39-1 at 4.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). Although money damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

3

Perry's prior complaint alleged that Neal and Abrams assigned him to administrative segregation, but it did not explain what role, if any, they played in denying him access to religious guidance and services. Now, Perry seems to be claiming that they were aware of the policies prohibiting religious attendance while in segregation and placed Perry in segregation not for a legitimate purpose but because the policies would prevent him from practicing his religion. This allegation, however, appears to be based on speculation alone. The second amended complaint contains no facts from which it can be plausibly inferred that Neal and Abrams decided to place Perry in segregation not because of his history of disciplinary offenses and concerns about safety or security but instead because they wanted to deprive him of the ability to practice his faith.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better

4

than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Perry's second amended complaint alleges wrongdoing without supporting that allegation with sufficient factual allegations. Therefore, he cannot proceed against Neal or Abrams under the First Amendment.

While Perry's second amended complaint still does not state a First Amendment claim, he will again be permitted to proceed on a RLUIPA claim against Warden Ron Neal in his official capacity for injunctive relief only, because Perry has alleged a substantial burden on his right to freely exercise his religion by attending in-person religious services. See *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022) ("The warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

It is noted, however, that if Perry ultimately prevails on his claim, the remedy will be that he is provided access to religious services, not that he be moved to another housing unit or facility. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials.

As a final mater, Perry is advised that he does not need to file multiple copies of his consent to receive copies electronically. Once that has been filed, it is only necessary to file another form if Perry is moved to a different facility.

For these reasons, the court:

(1) GRANTS the motion to amend the complaint (ECF 39);

(2) DIRECTS the Clerk to file Rodney S. Perry, Sr.'s second amended complaint and the exhibits thereto (ECF 39-1; ECF 39-2);

(3) GRANTS Rodney S. Perry, Sr., leave to proceed against Warden Ron Neal in his official capacity for injunctive relief pertaining to his requests to attend in person religious services, unless their prohibition is justified, in accordance with RLUIPA;

(4) DISMISSES all other claims;

(5) DISMISSES Debra Abrams;

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(7) REAFFIRMS all previously established deadlines in this case.

SO ORDERED on September 14, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT