UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY S. PERRY, SR.,

    Plaintiff,

v.                                    CAUSE NO. 3:22-CV-273-DRL-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, is proceeding in this case "against Warden Ron Neal in his official capacity for injunctive relief pertaining to his requests to attend in person religious services and gain access to his religious books and materials, unless their prohibition is justified, in accordance with RLUIPA[.]" ECF 17 at 5. Warden Neal filed a summary judgment motion, arguing Mr. Perry did not exhaust his administrative remedies before filing this lawsuit. ECF 55. Mr. Perry filed a response, and Warden Neal filed a reply. ECF 61, 62. The motion is ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison

2

staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Warden Neal provides Mr. Perry's grievance records and an affidavit from the prison's grievance specialist. On January 18, 2022, Mr. Perry submitted a grievance complaining the Classification Department was improperly keeping him on restrictive housing status, which prohibited him from attending religious services and obtaining religious materials. ECF 56-1 at 6; ECF 56-3 at 6. On January 31, 2022, the grievance office rejected Mr. Perry's January 18 grievance because his placement in restrictive housing was a non-grievable issue better suited for a Classification Appeal. ECF 56-1 at 6; ECF 56-3 at 5; *see* ECF 56-2 at 4 (listing "Classification actions or decisions, which include loss of a job, change in security level, facility transfers, and bed moves" as non-grievable issues). The "Return of Grievance" form informed Mr. Perry he could correct and resubmit his January 18 grievance within five business days, but Mr. Perry did not do so. ECF 56-1 at 7; ECF 56-3 at 5.

On March 4, 2022, Mr. Perry submitted a new grievance, again complaining of his restrictive housing status and the resulting prohibition from attending religious services and accessing religious materials. ECF 56-1 at 7; ECF 56-6 at 4. On March 11, 2022, the grievance office rejected Mr. Perry's March 4 grievance on the grounds that it (1) raised a non-grievable issue better suited for a Classification Appeal and (2) was not timely

3

submitted. ECF 56-1 at 7; ECF 56-6 at 3. Mr. Perry did not correct and resubmit his rejected March 4 grievance. ECF 56-1 at 7. Because Mr. Perry does not dispute these facts, the court accepts them as undisputed.

Here, the undisputed facts show Mr. Perry did not exhaust his available administrative remedies before filing this lawsuit. Specifically, both of Mr. Perry's grievances focused primarily on his complaint that the Classification Department was improperly keeping him on restrictive housing status, which is a non-grievable issue. *See* ECF 56-2 at 4. Though these grievances did mention that his restrictive housing status prevented him from attending religious services and possessing religious items, the grievance office properly determined these grievances primarily raised non-grievable classification issues. The Offender Grievance Process allowed Mr. Perry to revise and resubmit these rejected grievances to omit any complaint regarding his classification status and focus on the denial of religious services, but Mr. Perry did not do so. *See* ECF 56-2 at 10 (if the grievance office rejects a grievance form, it is "the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender").

In his response, Mr. Perry argues the grievance office prevented him from appealing his rejected grievances because they failed to provide him an appeal form. ECF 61 at 4-6; ECF 61-1 at 6-10. But the Offender Grievance Process did not allow for Mr. Perry to appeal the rejection of his grievances. Specifically, the Offender Grievance Process allows offenders to appeal grievances that are *denied* by the grievance office, but does not

4

allow offenders to appeal grievances that are *rejected* by the grievance office. ECF 56-2 at 12. Because Mr. Perry's grievances were rejected by the grievance office, the Offender Grievance Process did not allow him to appeal his grievances, but rather allowed him to revise and resubmit his grievances within five business days. *See id.* at 10. But it is undisputed Mr. Perry did not do so.

Accordingly, because it is undisputed that (1) the grievance office properly rejected Mr. Perry's grievances, and (2) Mr. Perry did not utilize the Offender Grievance Process' procedure to correct and resubmit these grievance, the undisputed facts show Mr. Perry did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in favor of Warden Neal.

For these reasons, the court:

(1) GRANTS Warden Neal's summary judgment motion (ECF 55); and

(2) DIRECTS the clerk to enter judgment in favor of Warden Neal and against Rodney S. Perry, Sr., and to close this case.

SO ORDERED.

June 26, 2023                                              *s/ Damon R. Leichty*
                                                         Judge, United States District Court